UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANGEL DAVID VALDEZ CUEVAS,

        Plaintiff,

                                        COMPLAINT AND
  - against -                           JURY TRIAL DEMAND

P.O. THOMAS DURAN, Shield No. 17737, P.O. BOLIVAR,
Shield No. 17860, and THE CITY OF NEW YORK,

        Defendants.
----------------------------------------------------------------------X

     Plaintiff, ANGEL DAVID VALDEZ CUEVAS, by his attorney, ALAN D. LEVINE,

ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

     1.    This is a civil action, seeking compensatory damages, punitive damages

and attorney's fees.

     2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the

fourth and fourteenth amendments to the Constitution of the United States.

     3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

     4.    Plaintiff, invoking the supplemental jurisdiction of this court, also seeks

compensatory and punitive damages for false arrest.

## VENUE

     5.    Venue is properly alleged in the Southern District of New York in that the

acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

     6.    Plaintiff hereby demands a trial by jury of all issues in this action that are

so triable.

## PARTIES

7.      At all times relevant hereto, plaintiff, ANGEL DAVID VALDEZ CUEVAS, was and is a natural person, resident in the County of Kings, City and State of New York.

8.      At all times relevant hereto, defendant P.O. THOMAS DURAN, Shield No. 17737 (hereinafter "DURAN") was and is a natural person, employed as a Police Officer by defendant THE CITY OF NEW YORK.

9.      At all times relevant hereto, defendant P.O. BOLIVAR, Shield No. 17860 (hereinafter "BOLIVAR") was and is a natural person, employed as a Police Office by defendant THE CITY OF NEW YORK.

10.     At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11.     On or about May 5, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written Notice of Claim setting forth a time, place, nature and manner in which said claims arose.

12.     More than thirty (30) days have elapsed since the aforementioned verified Notice of Claim was served and the CITY OF NEW YORK has neglected and refused to make payment of said claims.

13.     This action is commenced with one year and ninety days from the date the supplemental claims herein accrued.

14.     The individual defendants are sued in their individual capacities.

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>AGAINST THE INDIVIDUAL DEFENDANTS</u>**
**(42 U.S.C. §1983)**

15.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16.    On or about February 6, 2017, at approximately 5:20 A.M., plaintiff was lawfully operating a motor vehicle along East 174th Street, near its intersection with Boone Avenue, in the County of Bronx, City and State of New York.

17.    At the aforementioned time and place, a marked New York City Police Department motor vehicle activated its lights and sirens, thereby pulling plaintiff's vehicle over.

18.    The individual defendants hereto exited the aforementioned Police Department motor vehicle.

19.    Defendant BOLIVAR approached plaintiff's driver's side window; defendant DURAN approached plaintiff's passenger side window.

20.    At defendant BOLIVAR's request, plaintiff produced his license.

21.    Defendant BOLIVAR asked plaintiff if he knew he had a non-working headlight.

22.    Plaintiff responded that he did know that one of his highlights was not working because another police officer had stopped him a few moments before, brought the defective headlight to his attention, and told him to have it repaired.

23.    Defendant BOLIVAR asked plaintiff where he was going.

24.    Plaintiff responded that he was on his way home.

25.    Defendant BOLIVAR asked plaintiff what he was doing in the Bronx.

26.     Plaintiff asked defendant BOLIVAR if he was not allowed to drive in the Bronx.

27.     Defendant BOLIVAR told plaintiff that he smelled of alcohol.

28.     Plaintiff informed defendant BOLIVAR that he had not been drinking, as he had been at work immediately prior to getting into his vehicle and driving his cousin home.

29.     Defendant BOLIVAR told plaintiff that his eyes looked glassy.

30.     Plaintiff responded that he had worked a thirteen and one-half hour shift.

31.     Defendant BOLIVAR asked plaintiff what he had to eat or drink that day.

32.     Plaintiff responded that he had eaten a bag of M & M chocolate candies at approximately 2:00 P.M.

33.     Defendant BOLIVAR asked plaintiff if the M & M chocolates had contained liquor.

34.     Plaintiff responded that they did not.

35.     Defendant BOLIVAR had plaintiff exit his vehicle, whereupon he conducted a field sobriety test.

36.     After plaintiff had passed the field sobriety test, defendant BOLIVAR informed him that he was going to be given a breathalyzer test.

37.     Plaintiff blew into the breathalyzer.

38.     Defendant BOLIVAR accused plaintiff of not blowing in the correct manner.

39.     Plaintiff blew into the breathalyzer a second time.

40.     Defendant BOLIVAR now told plaintiff, "I think you're playing games with me. I'm going to arrest you."

41.     Defendant BOLIVAR tightly rear-handcuffed plaintiff.

42.     Plaintiff asked defendant BOLIVAR to loosen the handcuffs.

43.     Defendant BOLIVAR responded, "You will be alright."

44.     Plaintiff was transported to the stationhouse of the 45th Precinct.

45.     Plaintiff's handcuffs were not loosened until he had arrived at the aforementioned stationhouse.

46.     Plaintiff's vehicle was left at the spot where he had been arrested.

47.     After a period of time spent at the stationhouse, defendant BOLIVAR ended his tour and left.

48.     Defendant DURAN now took control of plaintiff.

49.     Plaintiff was held at the aforementioned stationhouse for approximately two hours, at which time a highway patrol officer arrived.

50.     Not until the highway patrol officer commenced a breathalyzer test of plaintiff were plaintiff's handcuffs finally removed.

51.     The highway patrol officer, P.O. Coffey, Shield No. 29919, who is not a party to this action, had plaintiff blow into a breathalyzer machine.

52.     The result of this test was an alcohol level of 0.02.

53.     Upon obtaining the aforementioned test results, P.O. Coffey told defendant DURAN to void plaintiff's arrest and to release him.

54.     Plaintiff now inquired of defendant DURAN as to the location of plaintiff's vehicle.

55.     Defendant DURAN informed plaintiff that his vehicle was at another stationhouse.

56.     Defendant DURAN and another police officer re-handcuffed plaintiff and transported him to the stationhouse of the 42nd Precinct.

57.     Rather than being released and having his vehicle given back to him, plaintiff was placed under arrest by defendant DURAN.

58.     Defendant DURAN falsely and maliciously charged plaintiff with driving while intoxicated, a misdemeanor; and with driving while his ability was impaired, a violation.

59.     Plaintiff was placed under arrest.

60.     Plaintiff was held at the stationhouse of the 42nd Precinct and at Bronx Central Booking until approximately 6:00 P.M., at which time he appeared before a Judge of Criminal Court of the City of New York, County of Bronx.

61.     Plaintiff was released on his own recognizance.

62.     In order to have his vehicle returned to him, plaintiff had to pay to undergo a drug and alcohol test and had to obtain a copy of the abstract of his driving record.

63.     On or about February 28, 2017, plaintiff received from the Office of the Bronx County District Attorney a release enabling him to retrieve his vehicle.

64.     Upon obtaining the aforementioned release, plaintiff went to the stationhouse of the 42nd Precinct to retrieve his vehicle.

65.     Once at the precinct, however, plaintiff was informed by a police officer that his vehicle had been removed to a Police Department pound in Springfield Gardens, in the County of Queens, and that he would have to pay a fee in order to have it released to him.

66.     Plaintiff informed the aforementioned officer that he was not going to go to Queens and pay to obtain his vehicle.

67.     Approximately one hour later, without plaintiff having to leave the stationhouse of the 42nd Precinct, his vehicle was returned to him.

68.     On or about June 7, 2017, in Criminal Court of the City of New York, County of Bronx, the prosecution of plaintiff was dismissed forthwith.

69.     Defendants BOLIVAR and DURAN violated plaintiff's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free of arrest without probable cause therefor, in that, acting under color of state law, they, without any cause or provocation whatsoever, arrested plaintiff for driving while intoxicated and driving while impaired, although they had no probable cause to do so.

70.     Because of the aforementioned acts committed against him by defendants BOLIVAR and DURAN, plaintiff suffered a deprivation of his right to not be arrested without probable cause, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty, a loss of use of his property, injury to his wrists, and expenses for legal representation.

71.     By reason of the aforementioned unconstitutional and illegal actions taken against plaintiff by defendants BOLIVAR and DURAN, plaintiff has been damaged in an amount sufficient to compensate him for his injuries, as enumerated hereinabove, and, in addition, seeks punitive damages of against defendants BOLIVAR and DURAN, both amounts to be determined at the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS BOLIVAR, DURAN
## AND THE CITY OF NEW YORK
### (False Arrest)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" hereinabove as if more fully set forth at length herein.

73.     On or about February 6, 2017, at approximately 5:20 A.M., at or near the northwest corner of Boone Avenue and East 174th Street, in the County of Bronx, City and State of New York, defendants BOLIVAR and DURAN, without having probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff, and against plaintiff's own free will, caused him to be incarcerated for approximately twelve hours.

74.     Defendant DURAN, despite having evidence to the contrary, falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the crime of operating a motor vehicle while intoxicated, a misdemeanor; and operating a motor vehicle while impaired by alcohol, a violation.

75.     As a result of the aforementioned arrest, plaintiff was illegally, falsely, maliciously, wrongfully, and unlawfully kept in confinement at the stationhouse of the 45th Precinct, the stationhouse of the 42nd Precinct, and Bronx Central Booking.

76.     As a further result of his illegal and improper arrest by defendants BOLIVAR and DURAN, plaintiff, was compelled to appear in court on the charges against him and was compelled to pay from his own funds for substance abuse testing.

77.     At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants BOLIVAR and DURAN were acting within the scope of their employment by defendant CITY OF NEW YORK.

78.     By reason of the false arrest and false imprisonment by defendants
BOLIVAR and DURAN, while they were acting within the scope of their employment by
defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty; suffered injuries
to his wrists; and had to pay for the services of an attorney to defend him in a criminal
proceeding.

79.     By reason of the aforementioned acts of false arrest and false
imprisonment, committed against him by defendants BOLIVAR and DURAN, while they
were acting within the scope of their employment by defendant CITY OF NEW YORK,
plaintiff has been damaged in an amount sufficient to compensate him for his injuries
enumerated hereinabove and in addition, seeks punitive damages against defendants
BOLIVAR and DURAN, both amounts to be determined at the trial of this action.


WHEREFORE, plaintiff, ANGEL DAVID VALDEZ CUEVAS, demands judgment
against defendants, P.O. THOMAS DURAN, Shield No. 17737, P.O. BOLIVAR, Shield
No. 17860 and THE CITY OF NEW YORK as follows:


FIRST CAUSE OF ACTION:     An amount sufficient to compensate plaintiff for
his injuries as enumerated hereinabove and, in addition, seeks punitive damages
against defendants BOLIVAR and DURAN;


SECOND CAUSE OF ACTION:   An amount sufficient to compensate plaintiff for
his injuries as enumerated hereinabove and, in addition, seeks punitive damages
against defendants BOLIVAR and DURAN.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated:  Kew Gardens, New York
        May 1, 2018

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
File No: 2412